UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

GRACE LAMEY, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

JETSMARTER, INC., a Delaware Corporation, and
SERGEY PETROSSOV, individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, GRACE LAMEY (hereinafter referred to as "Plaintiff" and "LAMEY"), is an individual residing in Broward County, Florida.

2. Defendants, JETSMARTER, INC. and SERGEY PETROSSOV, have at all times material to this Complaint owned and operated a business specializing in providing shared flight services to customers flying to more than One Hundred and Fifty (150) countries throughout the United States, Europe, and the Middle East, with Defendants' corporate offices located at 500 East Broward Boulevard, Suite 1600/1900, Fort Lauderdale, Florida 33394 in Broward County, Florida, within the jurisdiction of this Court.

3. Defendant, SERGEY PETROSSOV (referred to as "PETROSSOV"), has at all times material to this Complaint owned, managed, and/or operated JETSMARTER, INC. and has regularly exercised the authority to hire and fire Plaintiff and other employees, determined the manner in which employees are compensated, determined how employees' hours worked are tracked or recorded, set the rates of pay of employees, and controlled the finances, management,

1

and operations of JETSMARTER, INC. By virtue of such control and authority, Defendant PETROSSOV is an employer and/or joint employer of Plaintiff and the other similarly situated "Shuttle Experience Managers," however variously titled, of Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of herself[1] and other current and former employees of Defendants similarly situated to her who have worked for Defendants between June 2014 and the present in the position known as "Shuttle Experience Manager," however variously titled, for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b). More specifically, this action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other employees of Defendants similarly situated to her throughout the United States. It is the intent of this collective action to apply to all similarly situated "Shuttle Experience Managers" of Defendants nationwide, however variously titled, regardless of location.

5. In multiple work weeks during the three (3) year statute of limitations period between April 2016 and March 2017, Plaintiff worked for Defendants as a "Shuttle Experience Manager" for Defendants, including but not limited at Thirteen (13) fixed based operators at approximately more than Six (6) airports throughout Florida including Opa-Locka, Miami International, Ft. Lauderdale International, Ft. Lauderdale Executive, Boca Raton Executive Airport, and Palm Beach International, within the jurisdiction of this Court.

6. Plaintiff's primary job duties for Defendants as a "Shuttle Experience Manager" between April 2016 and March 2017 consisted of the following non-exempt tasks: (a) greeting

---

[1] Attached hereto is a signed Consent to Join from Plaintiff LAMEY.

Defendants' customers at various fixed based operators at airport locations and communicating with customers from pre-flight through departure about flight services, transportation, and reservations; (b) customer service support and communicating to customers about the decisions made by Defendants' management to address and resolve customers' problems and complaints; (c) carrying out manual labor including setup and breakdown of JETSMARTER, INC. props such as small signage, food and beverage amenities such as ice buckets, napkins, glasses and snacks; and (d) ministerial clerical support such as sending and receiving e-mails, and related customer or internal computer-work and paperwork.

7. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

8. A substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida.

9. At all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, Defendant, JETSMARTER, INC., has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, Defendants have employed two (2) or more employees who, *inter alia*: (a) regularly worked on and sold shared flight services memberships for interstate and International travel outside the United States to customers in numerous States both inside and outside the State of Florida and across the United States; (b) regularly handled and worked with commercial equipment and materials—including but not limited to computers, telephones, company signage and related materials —which equipment was moved in or produced for commerce; and (c) regularly processed bank and/or other electronic transfers and credit card transactions across Florida and

other State lines throughout the United States for both Defendants' customers and vendors located in numerous States inside and outside of Florida.

10. Based upon information and belief, the annual gross sales volume of Defendant, JETSMARTER, INC., has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017.

11. At all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, Defendant, JETSMARTER, INC., has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

12. The additional persons who may become Plaintiffs in this action are Defendants' current and former "Shuttle Experience Managers" throughout the United States, however variously titled, who have worked for Defendants in one or more weeks between June 2014 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

13. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more work weeks during her employment with Defendants within the three (3) year statute of limitations period between April 2016 and March 2017.

14. Between approximately April 2016 and March 2017, Plaintiff regularly worked between approximately six (6) and seven (7) days per week for Defendants with start times of approximately 4 a.m. and stop times of between approximately 10:00 p.m. and 12:00 a.m., regularly working in excess of Sixty-Five (65) hours per week.

15. Between April 2016 and March 2017, Defendants paid Plaintiff average gross weekly wages of approximately $1,000.00 per week but Defendants failed to compensate Plaintiff

at a rate of time and one-half of her applicable regular rate(s) for any of the hours she worked in excess of Forty (40) hours per week for Defendants.

16. Based upon Plaintiff being owed an average of Twenty-Five (25) overtime hours per week from Defendants during a total of approximately Forty-One (41) out of Forty-Nine (49) work weeks between April 2016 and March 2017, and subject to discovery, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $37.50/hour [$1,000/40 hours = $25.00/hour x 1.5 = $37.50/hour], Plaintiff's unpaid overtime wages total $38,437.50 [25 OT hours/week x $37.50/hour x 41 weeks = $38,437.50].

17. Likewise, the other employees of Defendants who are similarly situated to Plaintiff throughout the United States have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants as "Shuttle Experience Managers," however, variously titled, within the three (3) year statute of limitations period between June 2014 and the present.

18. However, Defendants have failed to time and one-half wages for all of the actual overtime hours worked by Plaintiff and the other similarly situated "Shuttle Experience Managers" nationwide for all of their actual overtime hours worked within the three (3) year statute of limitations period, instead paying only salaried wages for Forty (40) hours of work per week without time and one-half wages for their hours worked in excess of Forty (40) hours per week for Defendants. In this regard, in numerous work weeks throughout the three (3) year statute of limitations period between June 2014 and the present, Defendants have not complied with the requirements of the FLSA by, *inter alia*: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and other similarly situated "Shuttle Experience Managers," however variously titled, and (b) failing to pay

5

time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt "Shuttle Experience Managers" nationwide, however variously titled.

19. The primary job duties performed by Plaintiff and the other similarly situated employees of Defendants at numerous locations throughout the United States in the job title known as "Shuttle Experience Manager," however variously titled, *did not* involve the exercise of discretion and independent judgment. To the contrary, Plaintiff and other "Shuttle Experience Managers" were misclassified by Defendants as "exempt" from the FLSA's overtime compensation requirements despite the fact the Plaintiff and the other similarly situated employees across the country have had primary duties that entailed carrying out non-exempt customer service functions pursuant to established procedures and guidelines set by Defendants which Plaintiff and the other similarly situated employees were required to follow.

20. Regardless of the States and airport locations at which Defendants assigned them to work across the Untied States, throughout their employment with Defendants between June 2014 and the present, Plaintiff and the other similarly situated "Shuttle Experience Managers" performed similar job duties within the meaning of the Fair Labor Standards Act meriting certification of a nationwide collective.

21. Based upon information and belief, Defendants have failed to maintain records of the all of the actual start times, actual stop times, actual hours worked each day, and total hours actually worked each week by Plaintiff and the other similarly situated "Shuttle Experience Managers," however variously titled, for Defendants for each and every work week during the statute of limitations period between June 2014 and the present.

22. Based upon information and belief, Defendants had knowledge of the hours worked

in excess of Forty (40) hours per week by Plaintiff and the other similarly situated "Shuttle Experience Managers," however variously titled, for the benefit of Defendants between June 2014 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the other similarly situated employees, instead accepting the benefits of the work performed by Plaintiff and the others similarly situated to her without the overtime compensation required by the FLSA.

23. The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated employees between June 2014 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff, GRACE LAMEY, readopts and realleges the allegations contained in Paragraphs 1 through 23 above.

25. Plaintiff is entitled to be paid time and one-half of her applicable regular rate of pay for each hour she worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between April 2016 and March 2017.

26. All similarly situated employees who have worked for Defendants in the position known as "Shuttle Experience Manager" throughout the United States are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they have worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between June 2014 and the present.

27. Defendants have knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between June 2014 and the

present.

28. At all times material to this Complaint, Defendants had constructive and/or actual notice that Defendants' compensation practices did not provide Plaintiff and the other "Shuttle Experience Managers" with time and one-half wages for all of their actual overtime hours worked between June 2014 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt "Shuttle Experience Managers," however variously titled.

29. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those "Shuttle Experience Managers" similarly situated to her who have worked for Defendants between June 2014 and the present) have suffered damages plus incurring costs and reasonable attorneys' fees.

30. Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated "Shuttle Experience Managers" in one or more weeks during the three (3) year statute of limitations period between June 2014 and the present, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

31. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

32. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, GRACE LAMEY, and any current or former employees

similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, JETSMARTER, INC. and SERGEY PETROSSOV, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: June 20, 2017

Respectfully submitted,

By: **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
Attorneys for Plaintiff

# CONSENT TO JOIN FORM

1.    I consent to be a party plaintiff in a lawsuit against Defendants, <u>Jetsmarter, Inc. and Sergey Petrossov</u>, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.    I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.    I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_____
Grace Lamey