UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CV-61217-VALLE

<u>CONSENT CASE</u>

GRACE LAMEY, *on behalf
of herself and others similarly
situated, et al.*,

      Plaintiffs,
v.

SERGEY PETROSSOV, *et al.*,

      Defendants.
_____/

**<u>ORDER APPROVING SETTLEMENT
AGREEMENT AND DISMISSING CASE WITH PREJUDICE</u>**

THIS MATTER is before the Court on the parties' Joint Motion for Approval of the Parties' Settlement Agreement and Dismissal with Prejudice (ECF No. 53) (the "Motion"). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 51 and 52).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory overtime and minimum wage provisions. *See* 29 U.S.C. § 201 *et seq*. (ECF No. 1). According to the Motion, the parties "reached a compromise resolution of this matter following the parties' November 13, 2017 Mediation." (ECF No. 53 at 2); *see also* (ECF No. 50) (reporting that after the mediation, the parties continued to engage in settlement discussions with the Mediator's assistance . . . in a good faith effort to achieve a complete

resolution of th[e] matter.")  On January 4, 2018, the parties filed the instant Motion seeking dismissal of the case with prejudice based upon a settlement.

Before this Court can dismiss this case and approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the Court has reviewed the Confidential Settlement and Wage & Hour Release Agreement (the "Settlement Agreement").  In scrutinizing the Settlement Agreement, the Court has considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation.  The Court has also considered that Plaintiffs' claims were disputed as to liability and amount and that all parties were represented by counsel. Additionally, the Court accepts the parties' joint representation that the resolution in this case

was achieved with the assistance of a Mediator. Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiffs and the amount designated for attorney's fees and costs, and for liquidated damages. Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, the Court has reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Joint Motion for Approval of the Parties' Settlement Agreement and Dismissal with Prejudice (ECF No. 53) is **GRANTED**, the parties' Settlement Agreement is **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**.

(2) Pursuant to the parties' request, the Court retains jurisdiction for sixty (60) days from the date of this Order to enforce the terms of the Settlement Agreement.

(2) The Clerk of Court is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on January 5, 2018.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
All Counsel of Record